**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**Case No: 5:15-CV-177-TBR**

Preferred Care of Delaware, Inc;
Preferred Care Partners Management Group, LP; and
Cadiz Health Facilities, LP

**PLAINTIFFS**

v.

Mary Nell Quarles, as Executrix of the Estate of
Frances Elizabeth Tyler

**DEFENDANT/COUNTERCLAIMANT**

v.

Cadiz Health Facilities, LP d/b/a
Shady Lawn Nursing and Rehabilitation Center
Preferred Care Partners Management Group LP
Preferred Care of Delaware, Inc.;
Preferred Care Health Facilities, Inc.;
Preferred Care Management Services, Inc.;
Dawn Tedder, in her capacity as Administrator of
Shady Lawn Nursing and Rehabilitation Center; and
Darla Joiner, in her capacity as Admissions Coordinator
Of Shady Lawn Nursing and Rehabilitation Center

**COUNTERCLAIM DEFENDANTS**

## MOTION TO DISMISS ON GROUNDS OF RES JUDICATA

Comes now, the Defendant/Counterclaimant, Mary Nell Quarles, as Executrix of the Estate of Frances Elizabeth Tyler, and for her motion to dismiss this case on grounds of res judicata states as follows:

## BACKGROUND

This case has been proceeding in dual forums almost from its inception. On July 7, 2015, Dorothy Crocker filed suit in the circuit court of Trigg County, Kentucky, to recover for injuries sustained by Ms. Tyler during her residency at a nursing home owned and operated by the Preferred Care Plaintiffs. Rather than meet the substance of those allegations in state court, the Plaintiffs filed their own separate action in this Court to compel arbitration. Ms. Crocker, who had

no authority to agree to arbitration on behalf of Ms. Tyler and who was defrauded into signing the arbitration agreement, petitioned the state court for an order declaring the arbitration agreement to be unenforceable and also raised her defenses to the enforceability of the agreement in this Court. The state court action proceeded to a final judgment on the issue, and on December 18, 2015, the circuit court of Trigg County concluded that Preferred Care's arbitration agreement was unenforceable as a matter of Kentucky contract law.

Mandated by principles of federalism and by federal statute, this order is entitled to binding and preclusive effect in this Court, and this case must be dismissed. As well-established precedent illustrates, Preferred Care's remedy lies in an appeal through Kentucky's judicial system with ultimate review in the Supreme Court of the United States, if necessary. Preferred Care is not entitled to use this Court as a de facto court of appeals for orders emanating from Kentucky's state courts, and Defendant respectfully requests that the Court dismiss this case and order Preferred Care to pursue whatever right to arbitration that they may have in the state courts of Kentucky.

## DISCUSSION

### A. This Court Must Give the Same Preclusive Effect to the State Court's Order as That Order Would Be Given In the State Courts of Kentucky

28 U.S.C. § 1738 provides that the "records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." The Supreme Court has recognized that under this section, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Supreme Court has also noted that the effect of this statute is that state courts "possess the authority, absent a provision for exclusive federal jurisdiction, to

render binding judicial decisions that rest on their own interpretations of federal law." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). This policy choice "reflects a variety of concerns, including notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources." *Migra*, 465 U.S. at 84.

A number of federal appeals courts have dealt with the exact issue now facing this Court and concluded that state court decisions concerning arbitration are not reviewable in the federal district courts. In *Haber v. Biomet, Inc.*, a Seventh Circuit Court of Appeals panel that included Judge Richard Posner concluded that an Indiana trial court order denying arbitration was entitled to preclusive effect. 578 F.3d 553 (7th Cir. 2009). There, Biomet filed suit against Haber in Indiana state court, while Haber responded by filing a motion to compel arbitration in the federal court for the Southern District of Indiana. *Id*. at 554. Haber's federal suit was dismissed, and Haber then moved the state court to rule on the merits of the arbitration agreement. *Id*. at 554-555. The state court granted Haber's motion in part but also denied it in part. *Id*. at 555. Haber then appealed the federal court's dismissal of his case. *Id*.

The Seventh Circuit explained that if the state court's decision that portions of Haber's claims were not subject to arbitration was entitled to preclusive effect, then the federal court would be bound to abide by that decision. *Id*. at 556. The court proceeded to analyze whether the state court's order was final for purposes of preclusion. Relying on the Restatement (Second) of Judgments,[1] the Court explained that preclusion applied if the decision was "sufficiently firm to be accorded conclusive effect." *Id*. In making that determination, the Court considered (1) whether the parties were given an opportunity to be fully heard; (2) whether the state court supported its decision with a reasoned opinion; and (3) whether the decision could be appealed. *Id*. Even though

[1] Kentucky also relies on the Restatement. *See Yeoman v. Cmmw. Health Policy Bd*, 983 S.W.2d 459, 465 (Ky. 1998).

an order denying a motion to compel arbitration was technically interlocutory, the Court noted that it was an immediately appealable order, and that it was a "final and reasoned pronouncement of [the state court]," which the state court would not revisit at a later time. *Id*. at 557. Accordingly, the order was entitled to preclusive effect under 28 U.S.C. § 1738. *Id*. at 558.

The situation was similar in *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345 (3d Cir. 1984). Brown filed suit in California state court, and Towers, Perrin, Forster & Crosby, Inc. (TPFC) answered with a motion to compel arbitration. *Id*. at 346-347. The state court denied the motion, and TPFC, like Preferred Care here, appealed. *Id*. at 347. TPFC then also filed a petition to compel arbitration in federal court, which was granted. *Id*. Brown appealed the district court's decision, and the Third Circuit Court of Appeals concluded that the district court erred by failing to give the state court judgment preclusive effect.

The Court noted that what little case law there was on the issue all supported the conclusion that a "decision that a dispute is or is not arbitrable is conclusive of that issue." *Id*. at 348 (citing *In re Kahn*, 258 A.D. 632 (N.Y. App. 1940); *Liberty Mut. Ins. Co. v. Duray*, 283 N.E.2d 58 (Ill. App. 1972)). Like the court in *Haber*, the court recognized that the order denying arbitration did not resolve the entire dispute between the parties and was technically interlocutory. *Id*. at 349. However, the court concluded that preclusion did not hinge on whether an order was interlocutory, but on what the order actually determines, and that an "order may be res judicata as to part of the matter in dispute, while litigation continues as to the rest." *Id*. Like the court in *Haber*, the court in *Brown* also noted that an order denying a motion to compel arbitration was immediately appealable and ultimately concluded that the order denying arbitration was sufficiently definite as to the arbitration issue to be afforded finality for purposes of res judicata. *Id*. at 350 (citing *Ultracashmere House Ltd. v. Meyer*, 664 F.2d 1176 (11th Cir. 1981); *Depuy Busching General Agency v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975); *Moses H. Cone Mem'l Hosp. v.*

*Mercury Const. Corp.*, 460 U.S. 1 (1983); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 637 F.2d 391 (5th Cir. 1981); *Manes Organization, Inc. v. Standard Dyeing & Finishing Co.*, 472 F. Supp. 687 (S.D.N.Y. 1979)). Accordingly, the court reversed the district court's order compelling arbitration. *Id*. at 351.

The Eleventh Circuit Court of Appeals reached the same result in *Ultracashmere House Ltd. v. Meyer*, 664 F. 2d 1176 (11th Cir. 1981) (portions overruled on other grounds). There, Meyer filed suit in state court and sought a declaration that his contracts with Ultracashmere, including an arbitration provision, were unenforceable. *Id*. at 1178. The court granted judgment for Meyer on the issue of the invalidity of the arbitration agreement, and Ultracashmere then filed a petition to stay the state court case and to compel arbitration in federal court. *Id*. at 1179. The district court denied the motion, and Ultracashmere appealed. The Eleventh Circuit affirmed the district court's decision to deny the motion and found that the elements of res judicata were satisfied such that it was improper to attempt to re-litigate the arbitration issue in federal court after it had already been decided in state court. *Id*. at 1183-1184.

Importantly, the Court in *Ultracashmere* discussed the federalism concerns underlying the types of decisions at issue in this case and those cited above. As the court pointed out, state courts have concurrent jurisdiction over cases involving the Federal Arbitration Act, and Congress concluded that those courts were just as capable and competent to faithfully apply the act as the federal courts. *Id*. at 1180. The Court continued, "[w]here a federal court is asked to interfere with pending state court proceedings it must proceed with caution, taking into account general considerations of federalism and, in particular, the likelihood of seriously disrupting the legitimate functioning of the judicial system of the state." *Id*. The court further noted "the well established principle that the lower federal courts are not superior to state courts and may not review state court judgments" but rather "[c]hallenges to state court actions generally must proceed by direct

appeal through appropriate state tribunals and, where issues of federal law are involved, by appeal or certiorari to the Supreme Court of the United States." *Id*.

This approach is consistent with the Supreme Court's precedent dealing with concurrent litigation in the state and federal court systems, and, as that precedent illustrates, regardless of the disagreement between the state and federal courts as to what the law should be, once a decision has been reached in state court, the litigants' remedy is through a state appeal, not a conflicting judgment in the federal courts. For example, in *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970), Atlantic Coast Line obtained an injunction in state court to prevent a labor union from picketing. *Id*. at 283. Two years later, the Supreme Court issued an opinion concluding that unions had a *federally-protected* right to picket "and that that right could not be interfered with by state court injunctions." *Id*. at 284. The union filed a motion in state court to dissolve the injunction, but the motion was denied. *Id*. Instead of appealing, the union then went to federal court and asked for an injunction to prevent further enforcement of the state-court injunction. *Id*. The federal court granted the motion and enjoined the state court. *Id*.

The union in *Atlantic Coast Line* argued that they had a federally-protected right at issue, which they believed the state court was not properly protecting, and that the federal court had jurisdiction. *Id*. at 294. The Supreme Court emphatically rejected these arguments and reversed. The Court explained that the federal court could not simply ignore the Anti-Injunction Act and "enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, ***even when the interference is unmistakably clear***." *Id*. (emphasis added). The Court reasoned that "lower federal courts possess no power whatever to sit in direct review of state court decisions," ***even if "the state court may have taken action which the federal court was certain was improper*** under [federal law]. *Id*. at 296 (emphasis

added). The remedy in such cases is to seek vindication of the federal right at issue in state court and, if necessary, in the Supreme Court:

> [No] injunction was necessary because the state court may have taken action which the federal court was certain was improper under [federal law] . . . If the union was adversely affected by the state court's decision, it was free to seek vindication of its federal right in the [state] appellate courts and ultimately, if necessary, in this Court.

*Id*. at 296.

The Supreme Court has also recognized the preclusive effect of a state court judgment and its potential to bring an end to litigation in the federal forum in a parallel proceeding. In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, the Court noted that a district court's order staying a case pending resolution of litigation on the same issue in state court was, in effect, a final order because "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum [because] the state court's judgment on the issue would be res judicata." 460 U.S.1, 10 (1983). Likewise, in *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977), the Supreme Court explained that concurrent cases could be litigated in both state and federal forums ***until*** a decision on the merits was reached in one, at which point principles of res judicata would preclude further litigation in the other forum:

> (A)n action brought to enforce (a personal liability) does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. ***Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata***.

*Id*. at 642 (emphasis added).

This case presents issues factually indistinguishable from those discussed above. The enforceability of Preferred Care's arbitration agreement has already been litigated in state court, and Preferred Care is currently prosecuting an appeal on that issue. That decision is entitled to

preclusive effect in this Court, and this case should be dismissed. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 398-399 (5th Cir. B 1981). To hold otherwise would be to allow Preferred Care to continually re-litigate the same issue until it receives the result it wants, regardless of preclusion principles and the full faith and credit statute.

**B. <u>The State Court's Order Precludes Re-Litigation of the Arbitration Issue In Kentucky State Courts</u>**

As the full faith and credit statute and the cases interpreting it make clear, the Trigg County Circuit Court's order concluding that Preferred Care's arbitration agreement is unenforceable is entitled to the same preclusive effect in this Court as it would receive in the state courts of Kentucky. *See* 28 U.S.C. § 1738. In Kentucky, "issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action." *Yeoman v. Cmmw. Health Policy Bd*, 983 S.W.2d 459, 465 (Ky. 1998). Furthermore, "[i]f the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was ***or could have been brought*** in support of the cause of action." *Id*. (emphasis added). "The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts." *Id*. Lastly, for issue preclusion to apply, (1) the issue in the second case must be the same as the issue in the first case; (2) the issue must have been actually litigated in the first case; (3) the issue must have been actually decided in the first case; and (4) the decision on the issue must have been necessary to the court's judgment. *Id*.

As is *Haber*, "this inquiry is straightforward." 578 F.3d at 557. The issue in both this Court and the state court was the enforceability of the arbitration agreement signed by Dorothy Crocker. *Compare* Plaintiffs' Motion to Compel Arbitration and Defendants' Response (Doc. # 15 and 23) *with* Motion for Judgment Declaring Arbitration Agreement Unenforceable and the Trigg Circuit Court's Order (attached as **Exhibits A** and **B**, respectively). The issue was fully and fairly litigated

in state court, with Preferred Care responding to Ms. Crocker's motion and attaching the exact same arguments that it raised in this Court and also asking the state court to decline to exercise jurisdiction over the case, even though the state court had obtained jurisdiction first and over all of the potential parties. *See* Response Objecting to Motion for Judgment Declaring Arbitration Agreement to Be Unenforceable (attached as **Exhibit C**). The Circuit Court actually decided the issue and concluded that the arbitration agreement was unenforceable as a matter of Kentucky state contract law. This holding was decidedly necessary to the court's judgment, as the enforceability of the agreement was the ultimate issue before the court, and the court did not articulate any reason for declaring the arbitration agreement unenforceable other than that it was, in fact, unenforceable.

Like in *Haber*, *Brown*, and *Ultracashmere*, the state court's order is entitled to preclusive effect. The decision on arbitration is final, and like any other final judgment or order, Preferred Care has exercised its right to take an appeal. KRS 417.220(1)(a) allows for an appeal of a denial of a motion to compel arbitration, and KRS 417.220(2) makes it clear that any order entered under subsection (1) is to be treated the same as any other final order or judgment in a civil action. *See also Adams v. Hicks*, No. 2013-CA-1388, 2014 WL 6102916 at *2 (Ky. App. Nov. 14, 2014) (discretionary review denied Aug. 12, 2015) (unpublished) ("An order confirming or denying an arbitration award is final and appealable ***as is any judgment entered pursuant to the provisions of the KUAA***. KRS 417.220(c) and (f).") (emphasis added).

## CONCLUSION

For the reasons stated herein, the state court's order should be given preclusive effect, and Preferred Care should not be allowed to continue re-litigating the enforceability of its arbitration agreement in a second forum. Defendant respectfully requests that this Court recognize the order of the Trigg Circuit Court under 28 U.S.C. § 1738 and afford it full faith and credit. Defendant

requests that this case be dismissed and that Preferred Care be ordered to pursue their remedies—if at all—in the state courts of Kentucky.

Respectfully submitted,

By: */s/ Matthew D. Swindle*
Brent L. Moss (KY 93418)
brent@reddickmoss.com
Brian D. Reddick (KY 90762)
brian@reddickmoss.com
Matthew D. Swindle (KY 95374)
matthew@reddickmoss.com
Robert W. Francis (KY 96426)
rob@reddickmoss.com
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, AR 72202
Telephone: (501) 907-7790
*Attorneys for Defendant/Counterclaimant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which shall provide notice and service to the following counsel of record:

J. Peter Cassidy, III
Donald L. Miller, II
Anthony B. Gray
**Quintairos, Prieto, Wood & Boyer, P.A.**
2452 Sir Barton Way,Suite 300
Lexington, KY 40509

*/s/ Matthew D. Swindle*
**Reddick Moss, PLLC**