COMMONWEALTH OF KENTUCKY
TRIGG CIRCUIT COURT
CIVIL ACTION NO. 15-CI-00114



ENTERED
DATE 12/18/15
PAM W. PERRY, CLERK
TRIGG CO. CIRCUIT/DISTRICT COURT
BY: _____ D.C.

DOROTHY CROCKER, as Attorney-in-Fact of
FRANCES ELIZABETH TYLER            PLAINTIFF,

VS.         **ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT**

CADIZ HEALTH FACILITIES LP d/b/a, etc., et al     DEFENDANTS.

    This matter is before the Court on Plaintiff's Motion For Judgment Declaring Defendants' Arbitration Agreement To Be Unenforceable. Defendants have responded and Plaintiff has replied. Arguments of counsel were heard on November 12, 2015, with Hon. Matthew Swindle appearing for Plaintiff and Hon. Anthony Gray appearing for Defendants.

    Plaintiff believes that the Arbitration Agreement is unenforceable on several grounds, the most important of which from the Court's standpoint being the belief that the Arbitration Agreement is unenforceable under existing Kentucky case law.

    Defendants do not really address the validity of the Arbitration Agreement under Kentucky law, but rather ask the Court to hold this case in abeyance due to the pendency of related claims and legal issues in U.S. District Court for the Western District of Kentucky, Paducah Division (Case NO. 15-cv-177-TBR).

    While there is authority for this Court to hold the case in abeyance, Plaintiff points out that this Court does have original jurisdiction over the subject matter and is not required to hold the pending Motion or the case in abeyance.

    Based upon the record and arguments of counsel, the Court grants Plaintiff's Motion for the reasons set forth below.

    As the Defendants have anticipated and as Plaintiff has argued, under current case law, this is a relatively easy decision for the Court.

1

In reviewing the language of the General Power of Attorney-Durable signed by Ms. Elizabeth Tyler in favor of her daughter, Plaintiff Dorothy Crocker, on April 1, 2009, there does not appear to be any substantial difference from that set out in Ping v. Beverly Enterprises, Inc., 376 S.W.3d 581 (Ky. 2012). More importantly, the language in Ms. Tyler's General Power of Attorney appears identical to that involved in Extendicare Homes, Inc. v. Whisman, 2013 SC-000426-1 (Ky. 2015). Defense counsel advises that the Extendicare case is still subject to a motion for rehearing, and therefore not yet final or published, but it is still instructive at this time since it arose from this Circuit.

As stated at page 4 of the slip opinion:

> The central issue is whether, based upon the language of the particular power-of-attorney instrument, an arbitration agreement was validly formed between the respective nursing home facility and the resident whose interests were thereby affected.

Based upon identical language, the Court continued at page 4 and 5:

> Lacking the essential element of assent, we conclude that the arbitration agreements in those cases were never validly formed.
>
> We further conclude that without a clear and convincing manifestation of the principal's intention to do so, we will not infer the delegation to an agent of the authority to waive a fundamental personal right so constitutionally revered as the 'ancient mode of trial by jury.' Consequently, because none of the power-of-attorney instruments involved in these cases provide a manifestation of the principal's intent to delegate that power to his agent, we conclude that the agent was not so authorized, and that the principal's assent to the waiver was never validly obtained.

The Court has considered other arguments by both parties and based upon Ping and Extendicare, does not believe they are vital to the issue at hand.

IT IS ORDERED that Plaintiff's Motion for Judgment Declaring Defendants' Arbitration Agreement to be Unenforceable is GRANTED.

2

SO ORDERED this 17th day of December, 2015.

                                                          C. A. WOODALL, III
                                                          TRIGG CIRCUIT JUDGE