UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-177-TBR

PREFERRED CARE OF DELAWARE, INC., *et al.*                     Plaintiff,

v.

MARY NELL QUARLES, AS EXECUTRIX OF THE ESTATE
OF FRANCES ELIZABETH TYLER                                     Defendant.

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss this action on Grounds of Res Judicata. (Docket No. 63.) The Plaintiffs have responded, (Docket No. 69), and Defendant has replied, (Docket No. 70.) Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will GRANT Defendant's Motion to Dismiss.

Factual Background

Plaintiffs are all business entities associated with the Shady Lawn Nursing and Rehabilitation Center ("Shady Lawn"), a skilled nursing facility in Cadiz, Kentucky. (Docket No. 15-2 at 1-3.) Defendant Mary Nell Quarles is the Executrix of the Estate of Frances Elizabeth Tyler. (Docket No 61 at 1.) The Court recently granted Ms. Quarles request to be substituted as the Defendant/Counterclaimant in this action as Ms. Tyler died, and her estate is now the real party in interest and proper party to this matter. (Docket No. 61.) This dispute arises from injuries allegedly suffered by Ms. Tyler while in the care of Shady Lawn. (Docket No. 15-2 at 2.)

On July 7, 2015, Ms. Dorothy Crocker, the former Defendant in this action, filed an action in Trigg County Circuit Court against Shady Lawn Nursing and Rehabilitation Center, its administrator, and corporate owners and affiliates for injuries allegedly suffered by Ms. Tyler as a result of their alleged negligence. (Docket No. 16 at 1-2.) Subsequently, on August 7, 2015, the

Plaintiffs filed this action in federal court to compel arbitration of Ms. Crocker's state law claims and to enjoin the state court proceedings. (Docket No. 1 at 1.) The Plaintiffs base their cause of action on the Alternative Dispute Resolution Agreement ("Arbitration Agreement") signed by Ms. Crocker as Attorney-In-Fact for Ms. Tyler upon Ms. Tyler's admission to Shady Lawn. (Docket No. 1 at 3-8.)

On December 17, 2015, the Trigg County Circuit Court concluded that the Arbitration Agreement at issue is unenforceable under Kentucky law. (Docket No. 63-2 at 1-3.) In making its decision, the Circuit Court relied upon the Kentucky Supreme Court's recent decision in *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306, 312 (Ky. 2015), *as corrected* (Oct. 9, 2015), *and reh'g denied* (Feb. 18, 2016). In *Whisman*, Kentucky's Highest Court established that a power of attorney must explicitly confer upon an attorney-in-fact the power to enter into pre-dispute arbitration agreements on the principal's behalf. 478 S.W.3d at 330. The Trigg County Circuit Court concluded that because the power of attorney at issue did not explicitly grant Ms. Crocker the power to enter into a pre-dispute arbitration agreement, the arbitration agreement between the parties is unenforceable. (Docket No. 63-2 at 2.) Subsequently, this Court after much consideration issued its Memorandum and Opinion, *Preferred Care of Delaware, Inc. v. Crocker*, No. 5:15-CV-177-TBR, 2016 WL 1181786, at *11 (W.D. Ky. Mar. 25, 2016), finding that the rule articulated by the Kentucky Supreme Court in *Whisman* violates the Federal Arbitration Act ("FAA") as it will have a disproportionate impact on arbitration agreements and, therefore, is in direct conflict with the goals and policies of the FAA. *Crocker*, 2016 WL 1181786, at *9-11. While this Court determined that Ms. Crocker did have the necessary authority to enter into the arbitration agreement, it did not compel the parties to arbitration as it determined that then Defendant Ms. Crocker had successfully pleaded her counter-claims of

fraud in the inducement and civil conspiracy. This Court cannot compel the parties to arbitration until it adjudicates the Defendant's claims for fraud in the inducement and civil conspiracy. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010); *Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 488 (6th Cir. 2001).

Ms. Quarles, as the newly substituted Defendant in this action, has now filed a Motion to Dismiss this action based on the doctrine of res judicata. Defendant argues that the Trigg County Circuit Court's Order finding the Arbitration Agreement unenforceable under Kentucky law "is entitled to binding and preclusive effect in this Court" and, therefore, this case must be dismissed. (Docket No. 63 at 2.) The Court will consider the merits of Defendant's argument below. While the Defendant briefly hinted that she may file a motion on these grounds in the future in an earlier Response, (*see* Docket No. 53 at 5), she did not file such a motion or brief the issue until after the this Court issued its prior Memorandum Opinion and Order, *Crocker*, 2016 WL 1181786.

## Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The

Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## Discussion

Under the doctrine of res judicata, "federal courts must give state court judgments the same effect the rendering state court would give them." *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003) (first citing 28 U.S.C. § 1738; then citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). "In other words, [i]f an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (alteration in original) (quoting *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank,* 333 Fed. App'x. 994, 998 (6th Cir. 2009)) (internal quotation marks omitted). In considering whether to give preclusive effect to a state court judgment under res judicata in a federal action, "the federal court must apply the law of the state in which the prior judgment was rendered." *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (citations omitted); *see also Stemler v. Florence*, 350 F.3d 578, 586 (6th Cir. 2003) (first citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); then citing *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 851-52 (6th Cir. 1997)) ("When deciding whether to afford preclusive effect to a state court judgment, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment."). Consequently, this Court will apply Kentucky's preclusion law.

In Kentucky, the doctrine of res judicata is "comprised of two subparts: claim preclusion and issue preclusion." *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010). Here, only the second subpart, issue preclusion, is involved in this cause of action.

"Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action." *Stemler v. Florence*, 350 F.3d 578, 586 (6th Cir. 2003) (quoting *Yeoman v. Kentucky Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)). In Kentucky, issue preclusion has five requirements that must be met in order for the doctrine to bar further litigation. *Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 872 (Ky. 2011). The requirements are as follows:

> 1) at least one party to be bound in the second case must have been a party in the first case; (2) the issue in the second case must be the same as the issue in the first case; (3) the issue must have been actually litigated; (4) the issue was actually decided in that action; and (5) the decision on the issue in the prior action must have been necessary to the court's judgment and adverse to the party to be bound.

*Id.* (quoting *Yeoman*, 983 S.W.2d at 465) (internal quotation marks omitted).

The only element at issue here is whether or not the validity of the parties' Arbitration Agreement has been "actually decided" in the state court action. The Trigg County Circuit Court issued its order finding the Arbitration Agreement invalid on December 17, 2015. (Docket No. 63-2 at 1-3.) Subsequently, on January 11, 2016, the Plaintiffs in this action appealed the circuit court's adverse decision to the Kentucky Court of Appeals. (Docket No. 69 at 4.) The Plaintiffs' appeal is still pending before the Kentucky Court of Appeals. *Id.* As their appeal of the circuit court's adverse decision is still pending, the Plaintiffs argue that the circuit court's order does "not meet the standard for finality for [issue preclusion] purposes."[1] *Id.* However, under

---

[1] In support of their position, Plaintiffs provide a quote from one Kentucky Supreme Court decision where the court stated that "[a] trial court's decision has 'no precedential value.'" (Docket No. 69 at 3 (quoting *Bell v. Com., Cabinet*

5

Kentucky law, "the pendency of an appeal does not destroy the finality of the [circuit court's order] for the purposes of issue preclusion." *Epps Chevrolet Co. v. Nissan N. Am., Inc.*, 99 F. Supp. 3d 692, 701-02 (E.D. Ky. 2015) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997)); *see also Roberts v. Wilcox*, 805 S.W.2d 152, 153 (Ky. Ct. App. 1991)) (citing *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493 (D.C. Cir. 1983)) (adopting "the long-standing federal rule . . . that the pendency of an appeal has no effect whatsoever on the finality of a judgment for purposes of collateral estoppel.").

The decision of our sister court in *Suiter v. Logan Cty., Ky.*, No. 1:12-CV-00155-JHM, 2012 WL 6645699, at *2 (W.D. Ky. Dec. 20, 2012), is analogous and helpful in this matter. In *Suiter*, the plaintiff initially filed a civil action in a Kentucky circuit court bringing claims for the defendants' alleged violations of the Kentucky Civil Rights Act and for intentional infliction of emotional distress as a result of one defendant's alleged sexual harassment. 2012 WL 6645699, at *1. The circuit court granted the defendants' motion for summary judgment. *Id.* The plaintiff then appealed the circuit court's decision to the Kentucky Court of Appeals. *Id.* The plaintiff also filed a second civil action in United States District Court alleging sexual harassment, retaliation and hostile treatment under Title VII of the Civil Rights Act of 1964 as well as violations of the Americans with Disabilities Act and intentional infliction of emotional distress. *Id.* at *2. The defendants sought to dismiss the plaintiff's claim for sexual harassment pursuant to the doctrine of issue preclusion. *Id.* Like in this case, the plaintiff's appeal to the Kentucky Court of Appeals was still pending at the time that our sister court issued its decision on the defendants' motion to

---

for Health & Family Servs., Dep't for Cmty. Based Servs.*, 423 S.W.3d 742, 751 (Ky. 2014))). However, after reviewing *Bell*, it is not relevant to this matter as the decision does not concern claim or issue preclusion. In fact, the Kentucky Supreme Court stated in *Bell* that a trial court's decision can have an "effect outside its originating case only under the doctrines of *res judicata* and collateral estoppel, which are not at issue here." *Bell*, 423 S.W.3d at 751.

dismiss. *Id.* at *1. The only element in dispute, as in this case, was whether or not the state court's decision was final and actually decided due to the pending appeal. *Id.* at *2. Our sister court ultimately concluded that the plaintiff's claim of sexual harassment was barred by issue preclusion. *Id.* The court reasoned that the plaintiff's pending appeal in state court was "not relevant to issue preclusion since, the pendency of an appeal does not destroy the finality of the judgment for the purposes of issue preclusion under Kentucky law." *Id.*

The Supreme Court has recognized that "[i]n parallel litigation, a federal court may be bound to recognize the claim- and issue- preclusive effects of a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). This is just such a case. Under Kentucky law, which this Court must follow to determine the applicability of the doctrine of issue preclusion, the Trigg County Circuit Court's order declaring the Arbitration Agreement invalid as a matter of law is binding on this Court. *In re Fordu*, 201 F.3d at 703. Consequently, as the only issue in this litigation is the enforceability of the parties' Arbitration Agreement, Defendant's Motion to Dismiss this action is GRANTED. An appropriate Order and Judgment will issue separate from this Memorandum Opinion.

cc: Counsel